IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HANNAH FRANCIS, As Next Friend for | § | |
| BRIELLE ROWAN, A Minor Child | § | |
| and as Representative of the Estate of | § | |
| ROBERT REED ROWAN, and | § | |
| LARRY ROWAN | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| SMITH COUNTY, TEXAS | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, Hannah Francis as Next Friend for Brielle Rowan, a Minor Child and as Representative of the Estate of Robert Reed Rowan, and Larry Rowan ("Plaintiffs") file their Original Complaint, complaining of Defendant Smith County, and would respectfully show the Court the following:

### I.
### PARTIES

1.      Plaintiff, Hannah Francis is the biological mother of Brielle Rowan.  Plaintiff, Hannah Francis also brings this suit as Representative of the Estate of Robert Reed Rowan. Robert Reed Rowan, died on or about November 3, 2014, was a pretrial detainee at the time of his death, incarcerated in the Smith County Jail, in Tyler, Smith County, Texas.  Mrs. Francis is a resident of Tyler, Smith County, Texas.

2.      Plaintiff, Brielle Rowan is the minor child of Robert Reed Rowan. Plaintiff Larry Rowan is the biological father of Robert Reed Rowan. These Plaintiffs are residents of Smith County, Texas.

3.      Defendant Smith County is a county of the State of Texas.  Smith County funds and operates the Smith County Jail.   Defendant Smith County is responsible for the implementation of the policies, procedures, practices and customs, as well as the acts and omissions, challenged by this lawsuit.  Defendant Smith County is also responsible for insuring that all of its facilities, including the Smith County Jail, and its agents and employees obey the laws of the State of Texas and the United States and are in compliance with federal and state law, department or agency policies, rules, and regulations and related standards of care.  Defendant, Smith County, may be served by serving its County Judge, Smith County Courthouse, Tyler, Texas.

## II.
## JURISDICTION AND VENUE

4.      The Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 because the Plaintiffs are suing for relief under 42 U.S.C. §1983.

5.      Venue is appropriate in the United States District Court for the Eastern District of Texas, Marshall Division, because this is the judicial district in which the Defendant resides and in which a substantial part of the events or omissions giving rise to the claim occurred.

## III.
## FACTS AND ALLEGATIONS

6.      Prior to his death in the Smith County Jail on or about November 3, 2014, Robert Reed Rowan had become addicted to certain "painkillers", anti-anxiety and anti-depressant medication as a consequence of certain prior medical conditions.  The addiction had caused Robert to become dependent on these medications.

7.      On October 24, 2014, Robert was confined in the Smith County Jail as a pre-trial detainee because of the non-payment of child support.  At the time of his confinement, Robert was dependent on daily maintenance dosages of said medications, without which he would suffer from painful and life-threatening withdrawal symptoms.  At the time of Robert's confinement, he advised Smith County Jail officials and agents of his medical condition, including but not limited to, the fact that he was taking certain medications and was dependent on his daily maintenance dosages of said medications, without which he would suffer from severe, painful and life-threatening withdrawal symptoms.  Robert also advised Smith County Jail officials that he was taking the medications Xanax and had been taking said medication for an extended period of time for various medical illnesses and conditions that he suffered from.  At the time of Robert's confinement on October 24, 2014 and at all times thereafter, the Smith County Jail officials, agents and the Smith County medical facility officials and agents were aware of Robert's physical and emotional addiction, that he had been on the longstanding daily medication, and that the failure to provide appropriate medical treatment to Robert could result in his death.

8.      Throughout Robert's confinement, Robert and others specifically requested that the Smith County Jail officials provide and dispense to Robert the medications that he would need to prevent him from suffering the ill effects that one would normally and reasonably undergo due to the deprivation of the medications that he had been accustomed to taking prior to his incarceration.  Despite Robert and others' advice, warnings and pleas, the Smith County Jail officials and agents refused and failed to provide Robert with his medications that would prevent him from suffering from the life-threatening and painful withdrawal symptoms that would ultimately take his life ten days later.

9.      During the time that Robert was confined to the Smith County Jail, he and others continued to request that the Smith County Jail officials and agents provide him with the medication and treatment.

10.      In addition, during Robert's confinement to the Smith County Jail, numerous family members and friends, in person and over the telephone, advised many Smith County Jail officials and agents at the Smith County Jail that it was imperative that Robert receive mediation and treatment on a timely basis due to the mediations that Robert had been on prior to his incarceration.  Despite Robert's repeated requests and the repeated requests of many others, he was denied treatment and  medications in the jail.    Despite Robert experiencing outward signs and symptoms of seizures, seizure-like activity and withdrawal signs and symptoms, he was never given any treatment or medications.

11.     From October 24, 2014 to November 3, 2014, Smith County Jail officials and medical personnel permitted Robert to progress into a state of profound withdrawal, resulting from the precipitous withdrawal of Xanax and the other medications that Robert had been on.

12.     Ultimately, Robert had progressed into such a profound state of physical and emotional withdrawal that he suffered medical conditions including but not limited to lethal seizures which ultimately caused his death on or about November 3, 2014.  At approximately 5:30 PM when the evening meals were being served, Smith County Jail officials discovered Robert's lifeless body in his cold jail cell, unresponsive.  And so it was, on the day of October 24, 2014, when Robert was incarcerated for failing to pay child support, he ultimately died while being confined in solitary confinement in his cell, helpless and alone because the Smith County Jail officials refused to provide him with constitutionally adequate medical care and treatment that he so desperately needed.    Robert was 27 years of age at the time of his painful and tragic death.

## IV.
## CAUSE OF ACTION UNDER 42 U.S.C. § 1983

13.     Plaintiffs re-allege paragraphs 1 through 12, inclusive, with regard to all causes of action.

14.     At all times material to this Complaint, Smith County acted under color of the statutes, customs, ordinances, and usage of the State of Texas and Smith County.

15.     Therefore acting under the color of law, Defendant Smith County deprived Robert Reed Rowan and other pretrial detainees of the rights and privileges secured to them by the

Fourth and/or Fourteenth Amendments to the United States Constitution and by other laws of the United States by failing to provide constitutionally adequate medical treatment.  The Plaintiffs plead their 42 U.S.C. § 1983 case under the alternative theories of conditions of confinement and episodic acts or omissions.

16.     As described herein, the constitutionally inadequate system of medical care – the conditions at the Smith County Jail – caused Robert Reed Rowan to suffer a deprivation of his constitutional rights.  These conditions of his confinement as set forth in this Complaint were not reasonably related to a legitimate governmental purpose.   These conditions amounted to punishment before he was judged guilty and thus violated due process of law.  Smith County's intent to punish pretrial detainees such as Robert Reed Rowan may be inferred from its decision to expose them to unconstitutional conditions.  In other words, an official intent to punish may be presumed when a plaintiff challenges general conditions, practices, rules, or restrictions of pretrial confinement.

17.     Smith County is liable to the Plaintiffs under 42 U.S.C. §1983 for creating, maintaining, and perpetuating the conditions of confinement that resulted in the constitutionally inadequate medical care at its Jail and the resulting death of Robert Reed Rowan.  Smith County's legislative body, its Commissioners' Court, also has a statutory, non-delegable duty under Texas law to provide a "safe and suitable" Jail rather than a constitutionally deficient one. Tex. Loc. Gov't Code § 351.001(a).   Smith County is presumed to have intended these conditions through the decisions of its legislative body, the Commissioners' Court.

18.     Concerning specific conditions of confinement, at all relevant times by policy and procedure, Smith County refused to provide medication to inmates such as Robert Reed Rowan or otherwise provide that they receive appropriate medication.  At all relevant times, Smith County failed to provide constitutionally adequate medical care for inmates with chronic illnesses or addictions like Robert Reed Rowan.  At all relevant times, there was deficient medication administration at the Smith County Jail, not only for the mediations that Robert was on but for other prescription medications as well.  Smith County frequently failed to administer medication in accordance with prescriptions and follow general standards of care to monitor and adjust inmates' prescribed medication regimens.  At all relevant times, Smith County failed to place decision-making employees with the proper medical background and knowledge to realize and understand all of the medical, biological, and physiological results associated with the immediate and continued withdrawal from medication usage.  At all relevant times, Smith County failed to monitor the confinement of inmates like Robert Reed Rowan to ensure that they were receiving appropriate medical services and medication in the jail.  At all relevant times, Smith County failed to maintain medical records that were accurate, complete, and transmitted to the proper medical professional at the jail.  Smith County implemented policies, procedures, and practices which actually interfered with or prevented Robert Reed Rowan and other inmates from receiving constitutionally adequate medical services and medications.

19.     The challenged conditions set forth herein violated Robert Reed Rowan's constitutional rights and were the foreseeable product of the Smith County Jail's policies of denying methadone to all inmates regardless of their doctors' prescribing of the medication,

providing inadequate medical care for inmates who suffer from chronic illnesses or addictions, failing to provide or refusing to provide other prescription medications, and failing to maintain accurate medical records and transmit them to the proper medical providers, because these conditions prevented confined persons such as Robert Reed Rowan from receiving constitutionally adequate medical care. As the Plaintiffs show herein, serious injury and death were the inevitable results of the Smith County Jail's refusal to provide proper medical treatment to inmates with chronic illnesses or addictions such as Robert Reed Rowan. In fact, another inmate confined in the Smith County Jail after Robert Reed Rowan died was similarly refused methadone, and he also died under similar circumstances. The conditions challenged in this lawsuit were arbitrary or purposeless, and not reasonably related to a legitimate goal. In the absence of any legitimate penological or administrative goal, Smith County's actions amount to punishment in violation of Robert Reed Rowan's constitutional rights.

20.     Alternatively, Smith County's failure to provide constitutionally adequate medical care to Robert Reed Rowan as well at other inmates incarcerated in the Smith County Jail constitutes deliberate indifference to the serious medical needs of Robert Reed Rowan and others. Smith County jail officials and medical staff were actually aware of the serious risk to Robert Reed Rowan of their refusal to provide him with medications his doctors had prescribed, yet they failed to act with deliberate indifference to that risk, and consciously disregarded the risk. Jail officials exhibit deliberate indifference to an inmate's health when they refuse to treat her, ignore his complaints, or engage in any similar conduct that clearly evinces a wanton disregard for his serious medical needs. From on or about October 26, 2014 November 3, 2014,

Smith County Jail officials and medical personnel firmly rejected Robert Reed Rowan's pleas for help, refused to provide him with his prescription medications, and watched his progress into a state of precipitous and profound withdrawal from his medications until he experienced an excruciatingly painful and utterly unnecessary death.

21.    Moreover, Smith County is liable for the actions of its jail officials and medical staff as described in this lawsuit because the constitutional violations of which the Plaintiffs complain resulted from municipal policies or customs adopted and maintained by Smith County with objective deliberate indifference. From the moment that Robert Reed Rowan was confined in the Smith County Jail, jail officials and medical personnel were told by Robert, family members and friends, in person and over the telephone, that it was imperative that Robert receive medications on a timely basis and the details of his dire need for these medications. By official policy and procedure, however, Smith County refused to provide medication to inmates such as Robert Reed Rowan or otherwise provide that they receive medication from area programs in which the inmates were clients or patients. Smith County failed to provide constitutionally adequate medical care for inmates with chronic illnesses or addictions like Robert Reed Rowan. Smith County provided deficient medication administration at the jail. Smith County frequently failed to administer medication in accordance with prescriptions and follow general standards of care to monitor and adjust inmates' prescribed medication regimens. Smith County failed to monitor the confinement of inmates to ensure that they were receiving appropriate medical services and medication in the jail. Smith County failed to maintain medical records that were accurate, complete, and transmitted to the proper medical professional at the jail.

22.     Smith County also failed to place decision-making employees with the proper medical background and knowledge to realize and understand all of the medical, biological, and physiological results associated with the immediate and continued withdrawal from medication usage by Robert Reed Rowan.  Had the proper decision-making employees been in place, Robert Reed Rowan would not have had to endure the endless pain and agony that he went through during his days of confinement in the Smith County Jail and which eventually caused his death while he was under Smith County's control.

23.     Smith County implemented policies, procedures, and practices which actually interfered with or prevented Robert Reed Rowan and other inmates from receiving constitutionally adequate medical services and medication. Smith County's deliberately indifferent actions and/or inactions exposed Robert Reed Rowan to a serious risk of substantial harm and, in fact, caused substantial harm to her by causing her death as described above.  These official policies of Smith County were the moving force behind the constitutionally inadequate medical care provided to Robert Reed Rowan and the cause of his death.

24.     Smith County maintained these official policies with deliberate indifference to Robert Reed Rowan's constitutionally protected rights.  Specifically, Smith County intentionally, and with deliberate indifference, deprived Robert Reed Rowan of his clearly established federal constitutional rights to constitutionally required reasonably safe conditions of confinement, including his right to receive proper medical care and medications for his serious medical conditions that were known to Smith County, and his right to be free from punishment as a pretrial detainee.

25.     By its actions and/or inactions as described above, Smith County has violated 42 U.S.C. § 1983 and Robert Reed Rowan's constitutional rights.

# V.
## DAMAGES

26.     As a result of Smith County's statutory and constitutional violations, the Plaintiffs have suffered serious and substantial damages and injuries for which they request the award of the following categories of damages:

a.     The mental anguish, including emotional pain, torment and suffering that each of the Plaintiffs have separately experienced in the past and in the future due to the death of their father and son, Robert Reed Rowan;

b.     The pecuniary loss of care, maintenance, support, services, advise, counsel and reasonable contributions of pecuniary value that Plaintiff Brielle Rowan has sustained and lost in the past and in the future in reasonable probability due to the death of her father, Robert Reed Rowan;

c.     The loss of society and companionship representing the positive benefits flowing from the love, comfort, companionship and society that the Plaintiffs have sustained in the past and in the future, in reasonable probability, due to the death of their father and son, Robert Reed Rowan;

d.     The loss of inheritance sustained by the minor Plaintiff as a result of the death of her father, Robert Reed Rowan;

e.     The physical pain and suffering endured by Robert Reed Rowan throughout his confinement in the Smith County Jail until his death.

f.     The mental anguish, including emotional pain, torment, and suffering that Robert Reed Rowan endured throughout his confinement in the Smith County Jail until his death; and

g.    The medical expenses and burial expenses incurred by Robert Reed Rowan's estate and which were necessary for his treatment and eventual burial resulting from his death.

27.    The Plaintiffs have retained the services of the undersigned attorneys, and claim entitlement to an award of reasonable and necessary attorney's fees under 42 U.S.C. § 1988.

28.    The damages should be separately assessed by the jury with regard to each individual Plaintiff. A fair and impartial jury should listen to the evidence and award an amount for each element of damages that is just and fair based on the evidence.

## VI.
## JURY DEMAND

29.    The Plaintiffs demand a trial by jury.

## VII.
## PRAYER FOR RELIEF

30.    For the reasons stated above, Plaintiffs, Hannah Francis as Next Friend for Brielle Rowan, a Minor Child and as Representative of the Estate of Robert Reed Rowan, and Larry Rowan request that upon final trial or hearing, a judgment be entered in favor of the Plaintiffs and against Defendant Smith County as follows:

a.    Awarding the Plaintiffs compensatory and actual damages in an amount that is deemed sufficient by the trier of fact;

b.    Awarding the Plaintiffs reasonable and necessary attorneys' fees under 42 U.S.C. § 1988 and costs of court;

c.    Awarding the Plaintiffs pre-judgment interest at the highest rate permitted by law;

d.    Awarding the Plaintiffs post-judgment interest at the highest rate permitted by law; and

e.      Awarding the Plaintiffs all such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,


By: /s/ Jimmy M. Negem
        Jimmy M. Negem
        State Bar No. 14865500
        Joe M. Worthington
        State Bar No. 22009950
        NEGEM & WORTHINGTON
        440 South Vine Avenue
        Tyler, Texas 75702
        Telephone: (903)595-4466
        Telecopier: (903)593-3266 (fax)
        Email: jimmy@negemlaw.com

        Attorneys for Plaintiffs,
        Hannah Francis as Next Friend for Brielle Rowan, a Minor Child and as Representative of the Estate of Robert Reed Rowan, and Larry Rowan